# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERRY WILKINSON and
KAREN WILKINSON,**

    Plaintiffs,

  -vs-             Case No. 14-C-1187

**STATE FARM FIRE and CASUALTY CO.
and RANDALL G. DOLENSHEK,**

    Defendants.

## DECISION AND ORDER

  The plaintiffs, Jerry and Karen Wilkinson, sued State Farm Fire and Casualty Company in state court alleging breach of a fire insurance policy. The Wilkinsons also sued State Farm claim representative Randall Dolenshek. The Wilkinsons and Dolenshek are citizens of Wisconsin, but the defendants removed to federal court on the basis of diversity jurisdiction because State Farm is an Illinois citizen, claiming that Dolenshek was fraudulently joined (there is complete diversity if Dolenshek's citizenship is ignored, *see* 28 U.S.C. § 1332(a)(1); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004)).

  Courts may ignore the citizenship of a diversity-defeating defendant on removal when that defendant has been fraudulently joined – that is,

when there is "no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[] in state court, or where there has been outright fraud in [the] plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In most cases, fraudulent joinder doesn't involve actual fraud. The doctrine is more typically invoked when the plaintiff brings a claim against an in-state defendant that "simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

There is no clear direction from the Seventh Circuit regarding which pleading standard to apply, state or federal, when analyzing fraudulent joinder. *See Texas Ujoints, LLC v. Dana Holding Corp. Mach. Serv., Inc.*, No. 13-C-1008, 2013 WL 6230675, at *4 (E.D. Wis. Dec. 2, 2013). In Wisconsin at least, the distinction now appears academic. The Wisconsin Supreme Court recently held that the United States Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), is "consistent with our precedent." *Data Key Partners v. Permira Advisers LLC*, 849 N.W.2d 693, 680 (Wis. 2014). Thus, the Court must analyze whether the claim against Dolenshek raises the right to relief above the speculative level. *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (complaint must contain "sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face"); *Data Key Partners*, 849 N.W.2d at 680 ("*Twombly* makes clear the sufficiency of a complaint depends on substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled. Plaintiffs must allege facts that plausibly suggest they are entitled to relief").

The Wilkinsons allege that during the course of the investigation into the cause of their house fire, State Farm learned that Jerry Wilkinson had purchased a truck on credit from a friend, who eventually paid off the loan Wilkinson had obtained with his credit. The loan had been obtained prior to the fire and was paid off following the fire. Jerry Wilkinson did not use any marital assets to purchase the truck. Despite this knowledge, Dolenshek told Karen Wilkinson that $17,000 her husband had used from one of their savings accounts could have been used to pay down credit card debt. In their brief, the Wilkinsons clarify that Dolenshek told Karen Wilkinson that the "friend" referenced in the complaint was a woman with whom Jerry Wilkinson was likely having an affair. The Wilkinsons further assert that Dolenshek's purpose in making these statements to Karen Wilkinson was "to suggest to her that Jerry Wilkinson intended to leave his wife and did not wish to undergo the process of selling (and splitting the value of) the house and thus had a motive for arson." The plaintiffs claim

that State Farm's denial of benefits was a breach of contract, and that Dolenshek's "statements attributed herein, as well as the pre-denial of benefits due were done in violation of the implied duty of good faith and fair dealing in any contract and constitute a breach of the agreement by the company to pay benefits due for covered claims."

Dolenshek, of course, is not a party to the insurance policy at issue. Accordingly, there can be no possible breach of contract claim against Dolenshek. *Antwaun A. v. Heritage Mut. Ins. Co.*, 596 N.W.2d 456 (Wis. 1999) (privity of contract is an essential element in a cause of action based on contract). For identical reasons, the Wilkinsons cannot state a claim against Dolenshek for breach of the duty of good faith and fair dealing. This duty "runs throughout the contract relationship *between insurer and insured.*" *Danner v. Auto-Owners Ins.*, 629 N.W.2d 159, 169 (Wis. 2001) (emphasis added) (discussing *Anderson v. Cont'l Ins. Co.*, 271 N.W.2d 368 (Wis. 1978)); *see also Diversatek, Inc. v. QBE Ins. Corp.*, No. 07-C-1036, 2010 WL 4941733, at *12 (E.D. Wis. Nov. 30, 2010) ("Because under Wisconsin law, the tort of bad faith arises from a contractual duty and SLG is not a party to the contract and has no contractual duty to Diversatek, it is not liable to Diversatek for bad faith damages").

This case is identical to *Schwartz v. State Farm Mutl Auto Ins. Co.*,

174 F.3d 875 (7th Cir. 1999), which held that a State Farm insurance agent was fraudulently joined under Indiana law. In *Schwartz*, as here, it was undisputed that "as an individual," the insurance agent "is not in privity with [plaintiffs] based on their insurance policy. Thus the employee did not owe a special duty to the plaintiffs on which the bad faith tort could be based." *Id.* at 879. The Wilkinsons argue that they should be allowed to proceed on their claim against Dolenshek because the Wisconsin Supreme Court has not definitively ruled that a bad faith claim cannot be brought against an insurance agent. This is an upside-down view of the Court's duty, sitting in diversity, to predict how the Wisconsin Supreme Court *would* rule on a particular issue. The relevant case law clearly indicates that the Wisconsin Supreme Court would reject the Wilkinsons' claim against Dolenshek. *Schwartz* at 879 ("This is not to say that there is no possibility that a state court would someday hold that individuals can be liable for the tort at issue. We only hold that it is not a reasonable probability based on current Indiana law and the facts before us").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Dolenshek's motion to dismiss [ECF No. 8] is **GRANTED**;

2. Plaintiffs' motion to remand [ECF No. 5] is **DENIED**; and

3. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **March 3, 2015** at **10:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

4. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

5. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

6. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

7. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention

should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

8. The written report must include the telephone numbers where the parties can be reached for this call.

9. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information.

At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 8th day of January, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**